IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2016

## STATE OF TENNESSEE v. KAVONDA RENEE WATERS

**Appeal from the Circuit Court for Williamson County**
**No. IICR017036, IICR058059      Deanna B. Johnson, Judge**

_____

**No. M2015-00324-CCA-R3-CD – Filed May 25, 2016**

_____

Defendant, Kavonda Renee Waters, pleaded guilty to a Class A misdemeanor failure to appear in case number II-CR017036 and a Class E felony failure to appear offense in case number II-CR058059. The trial court imposed sentences of eleven months, twenty-nine days for failure to appear in case number II-CR017036 and two years for felony failure to appear in case number II-CR058059. On appeal, Defendant argues that her sentence is excessive and that the trial court erred by ordering her to serve her sentence in confinement. After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined. ROGER A. PAGE, J., not participating.

Dana M. Ausbrooks, Franklin, Tennessee, for the Appellant, Kavonda Renee Waters.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and Kim R. Helpher, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Background

At the sentencing hearing, the only proof presented by the State was the presentence report that was admitted without any objection by Defendant. The presentence report reflects that the twenty-six-year-old Defendant has six convictions for driving on a suspended license, eight convictions for violating the driver's license law, two convictions for theft of property over $1,000, three convictions for theft less than $500, and two convictions for criminal trespass. She also has convictions for reckless

endangerment with a deadly weapon, possession of a weapon, and casual exchange. There were seven additional charges that were either dismissed or retired.

The presentence report also reflects that Defendant has been granted some form of alternative sentencing on ten of her prior convictions. On one occasion, Defendant's probation was revoked and then reinstated after time served. At the time that the presentence report was completed, Defendant had a pending charge for an aggravated assault that she allegedly committed on January 12, 2014. The report also indicates that Defendant was on probation for a theft committed in Sevier County on October 8, 2013, at the time she committed the felony failure to appear in this case and at the time of the pending aggravated assault charge. Defendant also reported that she began using marijuana at the age of fourteen and continued using the drug until she was twenty-one. She "specified that she used it 'occasionally' and quit because, 'it just wasn't for me anymore.'"

With respect to the offenses that are the subject of this appeal, in case number II-CR017036, Defendant was indicted for failure to report to jail but she entered an open plea of guilty to an amended charge of failure to appear, a Class A misdemeanor. The presentence report contains the following information concerning the offense:

> On 10/31/12, the Defendant pled guilty in Williamson County General Sessions Case 12-CR-5603 to driving on a suspended license. She was fined $50 and was ordered to serve 30 days at 75%. She was to report on 11/30/12 to serve her sentence, but she failed to do so.

In case number II-CR05809, Defendant was indicted for felony failure to appear at the hearing in case number II-CR017036. She entered an open plea of guilty to the charge, a Class E felony. The presentence report contains the following statement by Defendant concerning the offense:

> In Nov[ember] 2012 I was suppose[d] to report to jail to do 22 days. I take full responsibility for not showing up when I was suppose[d] to. At the time, I had a niece that was on her death bed and I just had a heavy heart at the time. So when I came to jail in Aug 2013 they made me serve my 22 days and still charged me with a failure to report. So I made bond on that charge. I came to every court date that I had while out on bond. In April, 2014 I was due in court but didn't show. At the time a month before I had court I found out my son was being touched by a friend of mine and I wanted to be there to protect him at any cost. I know I was wrong but my heart was so broken I cried every single day for a whole month and was blaming myself for something I knew

2

nothing about. I[’]m 26 years old I take my responsibility of knowing I was wrong for not showing up.

Defendant's great aunt, Barbara Brown, testified that she is also Defendant's adoptive mother. She first received custody of Defendant from Defendant's birth mother in 1988 because Defendant's birth mother was "on drugs real bad." Defendant was three months old at the time. Ms. Brown did not know Defendant's father. Ms. Brown testified that Defendant was a nice child growing up who was respectful and attended church. She said that Defendant received "pretty fair" grades and graduated from high school.

Ms. Brown testified that Defendant has a ten-year-old son whom Defendant loves. Ms. Brown testified that she has noticed changes in Defendant's son since Defendant has been incarcerated and that he wants to be with his mother. Ms. Brown hoped that the trial court would place Defendant on probation so that Defendant could be with her son. Ms. Brown testified that she would help Defendant emotionally and with a place to live if Defendant was released on probation. She said that Defendant is a hard worker and would have no problem finding a job.

On cross-examination, Ms. Brown testified that she was unaware that Defendant was serving a seven-year sentence of probation out of Sevier County. She also did not know that Defendant was incarcerated in the Davidson County Jail for a theft that occurred at Dillard's in the Rivergate Mall.

Patria Crowell testified that she is Defendant's friend and girlfriend. They have been in a relationship for seven years, and she is currently the primary caregiver for Defendant's son. Ms. Crowell testified that Defendant's son is having difficulty in school and is currently in counseling. She thought that his behavior was due to Defendant's incarceration. Ms. Crowell testified that she would help support Defendant and provide transportation if Defendant were to be released on probation.

On cross-examination, Ms. Crowell testified that Defendant was using Ms. Crowell's vehicle during the theft at Dillard's. She was unaware that Defendant planned to use the vehicle to steal anything. Ms. Crowell acknowledged that Defendant has continued to commit crimes while on probation.

Ms. Crowell testified that Defendant failed to report to jail in 2012 because she wanted to spend Christmas with her son and celebrate his birthday. However, she said that Defendant still missed both occasions. Ms. Crowell testified that Defendant did not commit the aggravated assault that was pending against her because Defendant was with Ms. Crowell at the time.

3

Defendant gave an allocution at the sentencing hearing admitting that she was "wrong for not showing up when [she] was supposed to." She also stated that she had made some "bad choices" in her life and that she was responsible for her actions. Defendant told the trial court that she was a good mother to her son and daughter to her mother. She also stated that she needed to "get [her] life together for the sake of [herself] and [her] son." Defendant told the trial court that she had "learned [her] lesson" while incarcerated. She hoped that if placed on probation she could resume her former job and begin "barber college."

**Analysis**

Defendant argues that her sentence is excessive and that the trial court erred by ordering her sentences to be served consecutively in confinement. We disagree.

Appellate review of the length, range, or manner of service of a sentence imposed by the trial court are to be reviewed under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). In sentencing a defendant, the trial court shall consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in her own behalf; and (8) the potential for rehabilitation or treatment. *See* Tenn. Code Ann. §§ 40-35-102, -103, -210; *see also Bise*, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his sentence. *See* Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are *advisory only*. *See* Tenn. Code Ann. § 40-35-114; *see also Bise*, 380 S.W.3d at 701; *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." *Carter*, 254 S.W.3d at 345. In other words, "the trial court is free to select *any sentence within the applicable range* so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" *Id*. at 343 (*emphasis added*). Appellate courts are "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id*. at 346.

Although the Tennessee Supreme Court has not addressed whether the *Bise* standard of review applies to misdemeanor sentencing, this court has applied the abuse of discretion with a presumption of reasonableness standard of review in misdemeanor sentencing cases. *See e.g. State v. Michael Glen Walsh*, No. E2012-00805-CCA-R3-CD, 2013 WL 1636661, at *4 (Tenn. Crim. App. April 17, 2013); and *State v. Sue Ann Christopher*, No. E2012-01090-CCA-R3-Cd, 2013 WL 1088341, at *7 (Tenn. Crim. App. Mar. 14, 2013). We note that the supreme court has also held that the trial court is entitled to considerable latitude is misdemeanor sentencing. *State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1998)(citing *State v. Troutman*, 979 S.W.2d 271, 273 (Tenn. 1998)).

In her brief, Defendant states that her sentence is excessive and contrary to law. She also asserts: "[T]hat the trial court erred, in imposing an effective sentence of two years, eleven months and twenty-nine days, because the trial court failed to consider that much of her prior criminal history consisted of misdemeanor driving offenses [ ], and her skills allowed her to find work immediately upon being released." Defendant further states that "the trial court placed too much weight on the enhancement factors regarding her criminal record, probation violations, and probationary status at the time of the offense."

The applicable sentencing range for a Range I offender convicted of a Class E felony is one to two years The trial court imposed a sentence of two years for Defendant's felony failure to appear conviction and a sentence of eleven months, twenty-nine days for the misdemeanor failure to appear conviction. The trial court stated on the record its findings regarding applicable enhancement and mitigating factors. The trial court found three enhancement factors applicable to Defendant: (1) that Defendant has a

previous history of criminal convictions or behavior, in addition to those necessary to establish the appropriate range; (2) that Defendant before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community; and (3) that Defendant was on probation for theft when she committed the felony failure to appear, and she was also on bail for the misdemeanor failure to appear at the time that she committed the felony failure to appear. T.C.A. § 40-35-114 (1), (8), and (13)(A)(C). The trial court found one mitigating factor applicable: that Defendant's criminal conduct neither caused not threatened serious bodily injury. T.C.A. § 40-35-113(1).

In *Bise* our supreme court held:

> We hold, therefore, that a trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court *wholly departed* from the 1989 Act, as amended in 2005. So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld.

*Bise*, 380 S.W.3d at 706 (*emphasis added*). In its conclusion, the supreme court pointed out that in sentences involving misapplication of enhancement factors (even in those cases where *no* enhancement factor actually applies) the sentences must still be affirmed if the sentences imposed are within the appropriate range, and the sentences are in compliance with statutory sentencing purposes and principles. *Id*. at 710.

Our General Assembly has enacted twenty-five (25) statutory sentencing enhancement factors; however, they are not binding upon the trial courts. T.C.A. § 40-35-114 (Supp. 2015). The standard of review established in *Bise* provides that the minimum sentence can be imposed even if the trial court correctly applies all twenty-five enhancement factors, or the maximum sentence imposed even if no statutory enhancement factors are applicable, as long as the sentence is within the correct range and the sentence complies with other sentencing purposes and principles.

Having reviewed the record before us, we conclude that the trial court clearly stated on the record its reasons for the sentences imposed, and all of Defendant's sentences are within the appropriate ranges. The record reflects that the trial court considered the purposes and principles of the Sentencing Act. Therefore, the trial court's imposition of an effective sentence of two years and eleven months, twenty-nine days is presumed reasonable.

Our supreme court has also extended the standard of review enunciated in *State v. Bise*, abuse of discretion with a presumption of reasonableness, to consecutive sentencing

6

determinations. *State v. Pollard*, 432 S.W.3d 851, 860 (Tenn. 2013). Tennessee Code Annotated section 40-35-115 sets forth the factors that are relevant in determining whether sentences should run concurrently or consecutively. The trial court may order consecutive sentences if it finds by a preponderance of the evidence that one or more of the seven statutory factors exist. *Id.* § -115(b). Imposition of consecutive sentences must be "justly deserved in relation to the seriousness of the offense." T.C.A. § 40-35-102(1). The length of the resulting sentence must be "no greater than that deserved for the offense committed." T.C.A. § 40-35-103(2).

Tennessee Code Annotated section 40-35-115(b) provides that a trial court may order sentences to be served consecutively if it finds any one of the following criteria by a preponderance of the evidence:

> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

> (2) The defendant is an offender whose record of criminal activity is extensive;

> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

> (6) The defendant is sentenced for an offense committed while on probation;
> or

> (7) The defendant is sentenced for criminal contempt.

7

T.C.A. § 40-35-115(b).

In *Pollard*, the court reiterated that "[a]ny one of these grounds is a sufficient basis for the imposition of consecutive sentences." 432 S.W.3d at 862. "So long as a trial court properly articulates its reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Id.*; *Bise*, 380 S.W.3d at 705.

In this case, the trial court found two statutory factors. The trial court found that Defendant is an offender whose record of criminal activity is extensive and that Defendant was sentenced for an offense committed while on probation.

Defendant's criminal record is indeed extensive. A stated above, the twenty-six-year-old Defendant has six convictions for driving on a suspended license, eight convictions for violating the driver's license law, two convictions for theft of property over $1,000, three convictions for theft less than $500, and two convictions for criminal trespass. She also has convictions for reckless endangerment with a deadly weapon, possession of a weapon, and casual exchange. There were seven additional charges that were either dismissed or retired. At the time that the presentence report was completed, Defendant had a pending charge for an aggravated assault that she allegedly committed on January 12, 2014. Defendant also reported on the presentence report that she began using marijuana at the age of fourteen and continued using the drug until she was twenty-one.

Defendant contends that the trial court improperly applied this factor because her record of criminal history is not excessive and does not involve violence, and many of her prior misdemeanor convictions "involved a violation of the driver's license law or driving on a suspended driver's license." However, this court has previously found that even a criminal record consisting only of misdemeanors supports the imposition of consecutive sentencing. *State v. Marquon Lanorris Green*, No. W2012-01654-CCA-R3-CD, 2013 WL 2405217, at *7 (Tenn. Crim. App. May 30, 2013). Defendant's record in this case consists of more than just misdemeanor convictions, and contrary to her assertions, the conviction for reckless endangerment with a deadly weapon involves violence. Moreover, there is no question that Defendant was on probation for theft when she committed the felony failure to appear. This factor alone supports consecutive sentencing.

As for Defendant's argument concerning alternative sentencing, "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to . . .

8

questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). "[T]he burden of establishing suitability for probation rests with the defendant." T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). A trial judge must consider the following factors before imposing a sentence of incarceration:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1). Additionally, the sentence imposed should be the least severe measure necessary to achieve its purpose, and the defendant's potential for rehabilitation, or lack thereof, should be considered when determining whether to grant alternative sentencing. T.C.A. 40-35-103(4) and (5). Trial judges are encouraged to use alternative sentencing when appropriate. T.C.A. § 40-35-103(6).

In this case, the trial court stated the following concerning an alternative sentence:

> As for the manner of service, in 40-35-103 the Court believes that factor 1(A) applies; confinement is necessary to protect society while retraining a defendant who has a long history of criminal conduct. And 1(C) measures less restrictive than confinement have frequently or recently been unsuccessfully to the defendant. Those two factors apply, so the sentences will be served in confinement.

The record shows that the trial court considered the relevant sentencing considerations, and Defendant has not established that the trial court abused its discretion in denying her request for probation or "otherwise overcome the presumption of reasonableness afforded sentences [that] reflect a proper application of the purposes and

principles of our statutory scheme." *See Caudle*, 388 S.W.3d at 280. As noted above in this opinion, Defendant has a long history of criminal conduct. The presentence report also reflects that Defendant has been granted some form of alternative sentencing on ten of her prior convictions. On one occasion, Defendant's probation was revoked and then reinstated after time served. At the time that the presentence report was completed, Defendant had a pending charge for an aggravated assault that she allegedly committed on January 12, 2014. The report also indicates that Defendant was on probation for a theft committed in Sevier County on October 8, 2013, at the time she committed the felony failure to appear in this case and at the time of the pending aggravated assault charge. This demonstrates that although Defendant has been granted alternative sentencing numerous times, she continues to commit crimes. Defendant is not entitled to relief.

We conclude that the trial court did not abuse its discretion in sentencing Defendant to an effective sentence of incarceration for two years, eleven months, and twenty-nine days for her two convictions for failure to appear.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

10